# EXHIBIT 2

Luis A. Berrones

F I L E D

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

DEC 12

| | | |
|---|---|---|
| ARIE S. FRIEDMAN, M.D. and the ILLINOIS STATE RIFLE ASSOCIATION | ) ) ) ) | |
| Plaintiffs, | ) ) | No: 13 CH 3414 |
| v. | ) ) | |
| CITY OF HIGHLAND PARK | ) ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT FOR
## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

NOW COME the Plaintiffs, Dr. Arie S. Friedman and the Illinois State Rifle Association, by their attorneys, and for their Verified Complaint for Declaratory Judgment and Injunctive Relief against the Defendant City of Highland Park state that the Defendant has by City Code §136.001 *et seq.* unconstitutionally infringed the fundamental right of law-abiding citizens under the Second Amendment of the United States Constitution to keep and bear arms for lawful purposes, including the defense of his home and family.

## THE PARTIES

1. Dr. Arie S. Friedman ("Dr. Friedman") is an adult resident of Highland Park, Illinois. He is a law-abiding citizen, who is lawfully entitled to own and possess firearms under all applicable Federal and State laws and regulations. Plaintiff owns and possesses firearms in Highland Park for lawful purposes, including the defense of his home and family. Neither Plaintiff nor his firearms pose a threat to the community.

1

2. The Illinois State Rifle Association ("ISRA") is a non-profit educational foundation incorporated under the laws of Illinois, with its principal place of business in Chatsworth, Illinois. ISRA has more than 30,000 members residing throughout the State of Illinois, including Highland Park. The purposes of the ISRA include the protection of the rights of citizens to keep and bear arms for the lawful defense of their families, persons and property, and to promote public safety and law and order.

3. Highland Park is a municipal corporation located in Lake County, Illinois. Defendant is governed by a Mayor and an elected six-member City Council, which, among other things, is empowered to enact Ordinances under its home rule authority.

## STANDING

4. Dr. Friedman owns and possesses firearms in Highland Park that are banned under the Highland Park City Code §136.001 *et seq.* ("Ordinance"). Plaintiff must take certain actions by December 14, 2014 to be in compliance with the Ordinance, including removing the firearms from Highland Park, rendering them inoperable or surrendering them to the Chief of Police. The actions required of Plaintiff under the Ordinance constitute continuing harm to his constitutional right to keep and bear arms under the Second Amendment to the United States Constitution.

5. ISRA brings this action on behalf of its members residing in Highland Park, who own firearms and ammunition magazines prohibited by the Ordinance, desire to acquire prohibited for lawful purposes and would otherwise have standing to bring this action in their own right. The claims made in this action and the interests this action advances are germane to ISRA's organizational purpose. The relief requested in this action does not require participation of individual ISRA members

## THE ORDINANCE

6. On June 24, 2013, the Highland Park City Council passed an ordinance titled, "Assault Weapons", which in part provided:

> No person shall manufacture, sell, offer or display for sale, give, lend, transfer ownership of, acquire or possess any Assault Weapon or Large Capacity Magazine, unless expressly exempted in Section 136.0006 of this Chapter.

City Code §136.010.

7. An "Assault Weapon" is defined under the Ordinance to include certain specific models of semiautomatic rifles, shotguns and pistols and duplicates thereof; and semiautomatic firearms having certain features, including a pistol grip without an attached stock; a protruding grip; a folding, telescoping or thumbhole stock; a barrel shroud; a muzzle brake; and a muzzle compensator. City Code §136.001(C).

8. A "Large Capacity Magazine" is defined under the Ordinance as an ammunition feeding device with the capacity to accept more than ten rounds. City Code §136.001(G).

9. Effective December 14, 2103, any person in possession of an "Assault Weapon or Large Capacity Magazine" is required by the Ordinance to (a) "remove" it from "the limits of the City;" (b) "modify" it to make them "permanently inoperable;" (c) "surrender" it to the Chief of Police of his designee for "disposal;" or (d) "take the steps necessary" to cause it to fall within one of the exemptions set forth in Section 136.006. City Code §136.020.

10. Failure to take any of the above actions by December 14, 2013 shall constitute a "misdemeanor, punishable by not more than six months in prison or a fine of not less than $500 and not more than $1,000, or both." City Code §136.999.

## COMMON OWNERSHP OF FIREARMS
## AND MAGAZINES BANNED UNDER THE ORDINANCE.

11. Some of the most commonly owned firearms in the United States are among the firearms banned under the "Assault Weapons" Ordinance. Between 1990 and 2012 approximately 4.8 million semiautomatic rifles built on the AR-style platform have been produced in the United States for commercial sale to law-abiding citizens. Additionally, approximately 3.4 million AR-style and AK-style firearms have been imported into the United States for commercial sale and civilian use. AR-style firearms are manufactured by 37 federally-licensed firearms manufacturers in the United States, including Smith & Wesson, Colt's, Remington, Sig Sauer and Sturm, Ruger. AR-style semiautomatic rifles are sold by nearly every federally-licensed retail seller in the United States, and more than one out of every five firearms sold today is an AR-style semiautomatic rifle. Referred to by many as modern sporting rifles, AR-style rifles are sold today in greater numbers than traditionally-styled rifles. Modern sporting rifles are owned by more than 4.8 million persons in the United States.

12. The common ownership and popularity of modern sporting rifles is based on their ready adaptability for different lawful uses, including home defense, hunting and target shooting. They are also lighter in weight, shorter in length and have less recoil than most traditionally-styled wooden stock rifles, making them easier to handle and shoot. AR-style semiautomatic rifles are also very accurate and reliable, and typically have greater ammunition capacity than more traditionally-styled rifles. Most are sold with ammunition capacities of greater than ten rounds.

13. Most AR-style rifles and many of the other firearms banned by Defendant by model designation or type have features prohibited by the Ordinance. None of the prohibited features make the firearm a dangerous and unusual weapon. A "pistol grip without a stock

attached" is the by-product of the raised butt-stock design of AR-style rifles, which serves to reduce muzzle flip during recoil, allowing the shooter to have better control of the firearm and achieve better accuracy. A "protruding grip that can be held by the non-trigger hand" also serves to enhance control of the firearm and improve accuracy. A "folding stock" simply makes a gun more compact for storage or transport. A "telescoping stock" permits the firearm to be adjusted to fit persons of different stature. A "thumbhole stock", which is present on many target competition firearms, merely allows for a more comfortable grip and better control of the firearm. A "barrel shroud" is present in most firearms to protect the non-trigger hand from heat build-up in the firearm's barrel. A "muzzle break" redirects muzzle gas to reduce recoil. A "muzzle compensator" also redirects muzzle gas but does so to keep the muzzle down and provide better control of the firearm for successive shots. Each of these features contributes to the accuracy and safety of the firearm for use in situations where safety and accuracy are paramount concerns, including a home defense situation.

14. Most AR-style rifles are chambered for .223 ammunition, a relatively inexpensive cartridge that is particularly well-suited for home defense purposes because it has sufficient stopping power in the event a home intruder is encountered but loses velocity relatively quickly after passing through a target and other objects, thus decreasing the chance that an errant shot will strike an unintended target. Although most pistol rounds have less muzzle velocity than a .223 round, they have greater mass, maintain velocity after passing through walls and other objects and pose substantially greater risk to unintended targets in the home. There is a consensus among those with expertise in home defense and ballistics that an AR-15 rifle chambered for .223 ammunition is an optimal firearm to rely on in a home defense encounter.

15. A survey of more than 20,000 owners of AR-style and AK-style firearms across the country revealed that recreational target shooting was the number one ranked reason for owning a modern sporting rifle, followed closely by home defense. A survey of firearm owners in Northern Illinois revealed that more than 50% of those surveyed owned a semiautomatic rifle with a detachable magazine for the purpose of personal protection.

16. Encounters with criminal intruders in the home are not uncommon. The United States Department of Justice, Bureau of Justice Statistics reported that approximately 1 million residential burglaries occur each year while a household member is present. Household members became victims of violent crimes in 266,560 of those home invasions. Studies on the frequency of defensive gun uses in the United States have determined that there are up to 2.5 million instances each year in which civilians use firearms defend themselves or their property.

## OWNERSHIP AND POSSESSION OF PROHIBITED FIREARMS AND MAGAZINES

17. Dr. Friedman owns and keeps in Highland Park certain semiautomatic firearms and ammunition magazines that are subject to the prohibition set forth in the Ordinance, including a Smith & Wesson M & P 15 rifle, a Springfield M1A rifle and multiple magazines capable of holding more than ten rounds of ammunition. Dr. Friedman's Smith & Wesson M & P 15 rifle is an AR-style rifle, and has a pistol grip without a stock attached, a barrel shroud and a collapsible, telescoping stock. Dr. Friedman's Springfield M1A rifle has a barrel shroud and a muzzle brake.

18. Dr. Friedman keeps and maintains the firearms and ammunition magazines described above for lawful purposes, including recreational target shooting and defense of his home and family. Plaintiff is trained on their use and stores them safely. He keeps the Smith & Wesson M & P 15 rifle available for defense of his home and family should the need arise.

## COUNT I – DECLARATORY JUDGMENT

19. The allegations set forth in paragraphs 1 through 18 are re-alleged as though fully set forth herein.

20. Ownership of firearms that are commonly possessed by law-abiding citizens for lawful purposes, including self-defense in the home against a criminal intruder, is a fundamental right under the Second Amendment to the United States Constitution.

21. Defendant has infringed the fundamental Second Amendment right of Plaintiff Friedman and Plaintiff ISRA members to keep and bear arms by prohibiting his ownership and of possession of firearms in his home that are commonly possessed by law-abiding citizens for lawful purposes, including self-defense in the home.

22. Defendant does not have a compelling governmental interest in depriving Plaintiff of his Second Amendment right to own and possess firearms that are commonly possessed by law-abiding citizens for lawful purposes, including self-defense in the home.

WHEREFORE, Plaintiffs respectfully request that City of Highland Park City Code §136.001 *et seq.* be declared unconstitutional and that judgment be entered in their favor and against the Defendant, including an award of costs.

## COUNT II – INJUNCTIVE RELIEF

23. The allegations set forth in paragraphs 1 through 22 are re-alleged as though fully set forth herein.

24. Plaintiffs have a clear and ascertainable right to own and possess firearms in their homes that are commonly possessed by law-abiding citizens for lawful purposes, including self-defense in the home.

25. Plaintiffs will suffer irreparable harm if Defendant is not enjoined from enforcing City Code §136.001 *et seq.* and they are prohibited from owning and possessing firearms in their home that are commonly possessed by law-abiding citizens for lawful purposes, including self-defense in the home.

26. Plaintiffs have no adequate remedy at law for Defendant's infringement of their fundamental right under the Second Amendment to the United States Constitution.

WHEREFORE, Plaintiffs respectfully request that an order be entered permanently enjoining the Defendant from enforcing City of Highland Park City Code §136.001 *et seq.* and that judgment be entered in their favor and against the Defendant, including an award of costs.

by: _____
One of Plaintiffs' Attorneys

James B. Vogts / ARDC 6188442
Swanson, Martin & Bell, LLP
330 N. Wabash Suite 3300
Chicago, Illinois 60611
(312) 222-8517
jvogts@smbtrials.com

Brett M. Henne / ARDC 6276545
Swanson, Martin & Bell, LLP
1860 West Winchester Road
Libertyville, Illinois 60048
(847) 949-0057
bhenne@smbtrials.com

Victor D. Quilici / ARDC 3123067
P.O. Box 428
River Grove, Illinois 60171
(847) 298-2566
victorq@ameritech.net

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this Verified Complaint for Declaratory and Injunctive Relief are true and correct.

*/s/ Arie S. Friedman*
DR. ARIE S. FRIEDMAN

8