IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARIE S. FRIEDMAN, M.D. and the Illinois State Rifle Association | ) ) ) | |
| Plaintiffs, | ) ) ) | No: 13-cv-9073 |
| v. | ) ) ) | Hon. John W. Darrah |
| CITY OF HIGHLAND PARK, | ) ) ) | |
| Defendant. | ) | |

**MOTION TO STRIKE THE BRIEF OF *AMICUS CURIAE* THE BRADY CENTER**

Plaintiffs, Arie S. Friedman and The Illinois State Rifle Association ("Plaintiffs"), hereby move to strike the *amicus* brief filed by The Brady Center to Prevent Gun Violence ("Brady Center") [Doc. 24].

**I. The Brady Center Has Not Demonstrated that Its Intervention in this Case Is Warranted Under Seventh Circuit Precedent.**

In *Ryan v. CFTC*, 125 F.3d 1062 (7th Cir. 1997), the Seventh Circuit was presented with a request from the Chicago Trade Board ("Board") to submit an *amicus* brief in support of the Petitioner in that case. Judge Posner, sitting as the motions judge, denied the Motion, stating that the original meaning of the term *amicus curiae* – friend of the court – had been distorted such that most "*amicus*" briefs are now more akin to "friend of a party" than friend of the court. *Id*. at 1063. In denying the Board's Motion, Judge Posner set forth the pertinent situations in which an *amicus* brief should be allowed:

> An amicus brief should normally be allowed when a party is not represented competently or is not represented all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the

1

present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an amicus curiae brief should be denied.

*Id.* (internal citations omitted).

In this case, none of the rationales for allowing an *amicus* brief set forth by Judge Posner are present. The Defendant is ably represented in this case and there is no evidence, nor even an allegation by the Brady Center, that the Defendant is not being represented competently. Moreover, the Brady Center has not identified any other case in which it has an interest that may be materially affected by the outcome of this case. Indeed, as this is a constitutional challenge to a legislative act, and the Brady Center is not capable of enacting legislation, it is difficult to fathom how it could even claim to have an interest in a different case that would be materially affected by this case.

Finally, the Brady Center does not have access to any unique information or a perspective that will aid the Court in making its decision. In this regard, the Brady Center seeks only to reiterate arguments made by the Defendant and present evidence that was available for the Defendant's use. Indeed, the Brady Center has not alleged the Defendant is incapable or unwilling to present relevant legal arguments or evidence. *See American College of Obstetricians & Gynecologists, Pennsylvania Section v. Thornburgh*, 699 F.2d 644, 645 (3rd Cir. 1983) ("since there is no indication that the parties to the law suit and those parties who have been granted leave to file a brief amicus curiae will not adequately present all relevant legal arguments, there is no persuasive reason to grant the motion."). Because the Brady Center has not identified a legitimate need (as required in the Seventh Circuit) for filing an *amicus* brief in this case, its *amicus* brief should be stricken.

## II. To the Extent the Court Permits the Brady Center to File an *Amicus* Brief, the Portions of the Brief Asserting or Relying upon Facts Should Be Stricken.

If the Court determines the *amicus* brief of the Brady Center should be accepted, it should nonetheless strike portions of the brief that introduce facts and evidence (pages 9 to 15). While there is no Federal Rule of Civil Procedure that governs the filing and content of *amicus* briefs at the district court level, the Court of Appeals for the First Circuit noted that "an amicus who argues facts should rarely be welcomed." *Strasser v. Doorely*, 432 F.2d 567, 569 (1st Cir. 1970); *accord Ryan*, 125 F.3d at 1064 ("We are not helped by an amicus curiae's 'strongly held view' about the weight of the evidence.") By introducing facts, the Brady Center has effectively transitioned from the role of an *amicus* presenting law to the impermissible role of arguing facts.

Presentation of facts by the Brady Center is prejudicial to the Plaintiffs, who do not have the opportunity to conduct discovery with respect to the Brady Center's evidence and are thus unable to challenge the authenticity and reliability of its assertions. This issue was presented to a federal district court in Texas when an *amicus* presented a brief containing facts not properly before the Court. The court in that case refused to consider any new facts presented by *amicus*: "Plaintiffs' objection to the new evidence submitted in support of LULAC's brief is well taken. The Court will sustain the objection and thus consider only LULAC's legal arguments and arguments based on the properly-submitted evidence in this case, *and will not consider the new evidence submitted by LULAC*." *Fisher v. University of Texas at Austin*, 645 F. Supp. 2d 587, 589 (W.D. Tex. 2009) (emphasis added).

For the foregoing reasons, Plaintiffs respectfully move this Court to strike the brief of the Brady Center in its entirety, or, in the alternative, to strike the portions of the brief that present, or rely upon, facts or evidence.

Respectfully submitted,

/s/ James B. Vogts
James B. Vogts
Brett M. Henne
Andrew A. Lothson
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
(312) 222-8517
jvogts@smbtrials.com
bhenne@smbtrials.com
alothson@smbtrials.com

**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

I, James B. Vogts, hereby certify that on the 24th day of February, 2014, I caused to be served a copy of the foregoing document on all counsel of record listed below, via the Court's ECF system and/or by U.S. Mail.

1. Christopher James Murdoch
   Holland & Knight, LLP
   131 South Dearborn Street
   30th Floor
   Chicago, IL 60603
   (312) 263-3600
   Email: chris.murdoch@hklaw.com

2. Hart M. Passman
   Holland and Knight, LLP
   131 South Dearborn
   30th Floor
   Chicago, IL 60603
   (312) 578-6634
   Email: hart.passman@hklaw.com

3. Steven M. Elrod
   Holland & Knight, LLP
   131 South Dearborn Street
   30th Floor
   Chicago, IL 60603
   (312) 263-3600
   Email: steven.elrod@hklaw.com

4. Alexander D. Marks
   Burke, Warren, MacKay & Serritella, P.C.
   330 N. Wabash Ave., 22nd Floor
   Chicago, Illinois 60611
   (312) 840-7022
   E-mail: amarks@burkelaw.com

                                                                */s/ James B. Vogts*
                                                                      James V. Vogts