# Exhibit 15

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIE S. FRIEDMAN, M.D. and the Illinois State Rifle Association,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF HIGHLAND PARK,<br><br>Defendant. | No: 13-cv-9073<br><br>Hon. John W. Darrah |

## SUPPLEMENTAL AFFIDAVIT OF JAMES W. SUPICA, JR.

If sworn as a witness, I could competently testify to the following:

1. It is incorrect to say there are "hundreds" of different "types" of firearms available to civilians in the United States for sporting and self-defense use. Any number is meaningless without a definition of "type." I am not aware of any definition of "types" of firearms that would include hundreds of types. However, regulations promulgated under the Gun Control Act of 1968 require federally licensed firearms dealer to identify firearms they sell as one of four "types" – shotgun, rifle, pistol or revolver. These are the only four terms that are acceptable for a licensed dealer to list in the "type" column of the 4473 form, which is required for each firearm purchase. The same definition of "type" is used elsewhere in the federal regulations dealing with importation of firearms and firearms disposition records.

2. Any firearm in common use is a "conventional" firearm, in my opinion, including the AR-type rifles and other firearms banned under the Highland Park Ordinance. In general, the ability to shoot more targets in a short period of time is a desirable feature in any self-defense

1

gun, including double action revolvers; pump shotguns; and semi-automatic rifles, shotguns and pistols.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on July 9, 2014.

_____
James W. Supica, Jr.