# Exhibit A

```
 1                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                            EASTERN DIVISION

 3
    ARIE S. FRIEDMAN and              )
 4  ILLINOIS STATE RIFLE              )
    ASSOCIATION,                      )
 5                                    )
                    Plaintiffs,       )
 6                                    )
    -vs-                              )   Case No. 13 C 9073
 7                                    )
    CITY OF HIGHLAND PARK,            )   Chicago, Illinois
 8                                    )   February 27, 2014
                    Defendant.        )   2:00 p.m.
 9
10                      TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE JOHN W. DARRAH
11
12  APPEARANCES:

13  For the Plaintiffs:      SWANSON, MARTIN & BELL
                             BY:   MR. JAMES B. VOGTS
14                                 MR. ANDREW A. LOTHSON
                             330 North Wabash
15                           Suite 3300
                             Chicago, Illinois  60611
16                           (312) 321-9100

17

18  For the Defendant:       HOLLAND & KNIGHT
                             BY:   MR. CHRISTOPHER J. MURDOCH
19                           131 South Dearborn Street
                             30th Floor
20                           Chicago, Illinois  60603
                             (312) 928-6006
21
    Court Reporter:
22
                    CHARLES R. ZANDI, CSR, RPR, FCRR
23                       Official Court Reporter
                       United States District Court
24             219 South Dearborn Street, Room 2128
                      Chicago, Illinois  60604
25                Telephone:   (312) 435-5387
             email:  Charles_zandi@ilnd.uscourts.gov
```

1  APPEARANCES: (Continued)

2  For Brady Center to          BURKE, WARREN, MacKAY & SERRITELLA
   Prevent Gun Violence,        BY:  MR. ALEXANDER D. MARKS
3  Amicus:                      330 North Wabash Avenue
                                22nd Floor
4                               Chicago, Illinois  60611
                                (312) 840-7000
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1        (Proceedings heard in open court:)
 2              THE CLERK:  13 C 9073, Friedman versus the City of
 3   Highland Park.
 4              THE COURT:  Now, you can do that all again if you
 5   would, please.
 6              MR. LOTHSON:  Andrew Lothson on behalf of plaintiffs.
 7              MR. VOGTS:  James Vogts on behalf of plaintiffs.
 8              MR. MURDOCH:  My name is Chris Murdoch.  I represent
 9   the City of Highland Park.
10              MR. MARKS:  Alex Marks on behalf of Amicus Brady
11   Center to Prevent Gun Violence.
12              THE COURT:  Does either side wish to present any
13   testimony?
14              MR. VOGTS:  No, sir.
15              MR. MURDOCH:  No, sir.
16              THE COURT:  Very well.  And I take it you don't wish
17   to introduce any exhibits at this time, either, other than
18   what's been submitted?
19              MR. VOGTS:  That's correct.
20              MR. MURDOCH:  That's correct.
21              MR. MARKS:  Yes.
22              THE COURT:  And you estimate the hearing will take
23   about an hour, is that right?
24              MR. VOGTS:  Yes.
25              THE COURT:  So I assume that you're going to use that
```

Case: 1:13-cv-09073 Document #: 52-1 Filed: 07/21/14 Page 5 of 7 PageID #:1948

51

1 that these weapons are not --
2 THE COURT: Yeah. But I must make a factual
3 determination one way or the other. The test doesn't say that
4 if I can't determine, I go to the second step.
5 MR. MURDOCH: I think it does, your Honor. I think
6 that's what the court in *Shew* and *Tardy* and the New York state
7 courts determined, was that if the evidence is conflicting at
8 the first step, meaning that they don't know whether or not
9 the inquiry ends, then they move on to the second step.
10 THE COURT: Wouldn't that mean that there wasn't a
11 showing that it was constitutionally protected?
12 MR. MURDOCH: It would mean that -- yes, that it
13 wasn't sufficient for them to conclude without a doubt that
14 these are constitutionally protected or to conclude without a
15 doubt that they're outside the scope.
16 THE COURT: If that were a form of a trial and I had
17 to make that determination, who would bear the burden?
18 MR. MURDOCH: I think in defending the ordinance, we
19 bear the initial burden of establishing whether or not they
20 are protected --
21 THE COURT: If as a matter of trial jurisprudence,
22 based on all the evidence that you submit, I couldn't make
23 that determination, you would lose because you had the burden.
24 We'd then go to the second step. That's far different than
25 saying I can't make a decision based on what's --

1           MR. MURDOCH:  You are correct, your Honor.
2           THE COURT:  Thank you for the vote of confidence.
3           MR. MURDOCH:  I know that there are -- in at least
4  two of the cases, the court says, "The evidence in the first
5  step is not clear and conflicting; therefore, we move to the
6  second step."
7           THE COURT:  Therefore, the defendant loses on the
8  issue, because they bore the burden.
9           MR. MURDOCH:  Yes, the defendant loses on that issue.
10          THE COURT:  That's still a factual determination,
11 isn't it?
12          MR. MURDOCH:  And then they move to the second step.
13 And in those cases, they upheld the ordinance or the statute.
14          THE COURT:  But it's still a factual determination as
15 to the first step.  If the defendant hasn't submitted
16 sufficient proof to sustain their burden, then they lose on
17 that, and we go on to the second step.
18          MR. MURDOCH:  Right.
19          THE COURT:  What I'm saying to you is at this level
20 of proceedings, based on the level of information, which you
21 both referred to as evidence, based on the level of
22 information you've submitted to me I can't determine one way
23 or the other whether or not there's a likelihood of success on
24 the merits, wouldn't it be better to have some factual
25 exposition of that before -- and if you win on that, I don't

1 CERTIFICATE

2    I certify that the foregoing is a correct transcript from
3 the record of proceedings in the above-entitled matter.
4
5 */s/Charles R. Zandi*                    *March 3, 2014*
6 Charles R. Zandi                          Date
  Official Court Reporter
7