**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARIE S. FRIEDMAN, M.D. and the Illinois State Rifle Association | ) ) ) | |
| Plaintiffs, | ) ) | No: 13-cv-9073 |
| v. | ) ) | Hon. John W. Darrah |
| CITY OF HIGHLAND PARK, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S RESPONSES
TO PLAINTIFF'S RULE 56.1 STATEMENT OF MATERIAL FACTS AND DEEM
STATEMENTS OF FACT ADMITTED**

Plaintiffs Arie S. Friedman, M.D. and the Illinois State Rifle Association ("Plaintiffs") move to strike certain of Defendant's responses (Doc. 54-1, "Def.'s Resp.") to Plaintiffs' Statement of Material Facts (Doc. 42).

## I. Highland Park Has Not Complied with Local Rule 56.1

Local Rule 56.1(b)(3) required Highland Park to serve and file "a concise response" to each of Plaintiffs' Rule 56.1 Statements of Material Facts, consisting of "numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed". In support of denials, Highland Park was to provide "specific references" to the "affidavits, parts of the record, and other supporting materials" relied upon. L.R. 56.1(b)(3)(B). "All material facts set forth" in Plaintiffs' statement of material facts are "deemed admitted unless controverted" by Highland Park. *Id. See generally Malec v. Sanford*, 191 F.R.D. 581, 583-85 (N.D. Ill. 2000) (failure to properly respond to movant's 56.1 statement is usually summary judgment for the movant).

The district court is entitled to expect strict compliance with Rule 56.1. *Bordelon v. Chicago School Reform Board of Trustees*, 233 F. 3d 524, 527 (7th Cir. 2000). However, Highland Park failed to admit or deny all or portions of 66 statements of fact submitted by Plaintiffs. Each of those statements should be deemed admitted. *See McGuire v. UPS*, 152 F.3d 673, 674 (7th Cir. 1998) ("An answer that does not deny the allegations in the numbered paragraph with citations to supporting evidence in the record constitutes an admission".). Highland Park also failed to deny all or portions of 30 statements of fact to which it objected on relevancy and other grounds. These statements of fact should also be deemed admitted. *See Ammons v. Aramark Uniform Services, Inc.,* 368 F.3d 809, 817 (7th Cir. 2004) (non-moving party's assertion that the statements in movant's 56.1 statement were "irrelevant" does not

1

excuse the non-moving party from "at least indicating that it agrees with or denies the allegation".).

Furthermore, Highland Park provided evasive responses to some statements of fact (some of which are in the form of admissions and others in the form of denials) and provided either no evidentiary support or incorrect support for other statements of fact. *See Bordelon*, 233 F.3d at 528 (the requirement for responses under Rule 56.1 are "not satisfied by evasive denials that do not fairly meet the substance of the material facts asserted".); *Malec*, 191 F.R.D. at 584 ("a general denial insufficient to rebut a movant's factual allegations; the movant must cite specific evidentiary materials justifying the denial".). These statements of fact should also be deemed admitted.

Finally, Highland Park has improperly included evidence and argument in its Rule 56.1 response, which should be stricken. *See Ammons*, 368 F.3d at 817 (district court did not abuse discretion in striking facts included in non-movant's response); *see also Kasak v. Village of Bedford Park*, 563 F. Supp. 2d 864, 867 (N.D. Ill. 2008) ("inappropriate" for non-movant to inject argument and facts into Rule 56.1 response).

> **II.  Highland Park Has Not Denied Plaintiffs' Statements of Material Fact Nos. 1, 2, 13, 14, 16, 17, 19, 20, 21, 25, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 40, 42, 43, 44, 46, 47, 48, 49, 50, 51, 52, 53, 54, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, 68, 69, 70, 72, 74, 76, 77, 78, 79, 81, 82, 83, 84, 86, 89, 90, 91, 92, 93, 96, 97, 98, 99, 101, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 117, 118, 119, and 121, and Each Should Be Deemed Admitted.**

Highland Park's failure to deny Plaintiffs' Statements of Material Fact fall into two categories: those to which it did not object (addressed in Section II.A, below) and those to which it objected (addressed in Section II.B, below).

A.  **Highland Park Failed to Deny or Object to Statements of Material Fact Nos. 13, 16, 17, 19, 20, 25, 28, 29, 30, 31, 32, 35, 37, 38, 39, 40, 42, 43, 44, 46, 47, 48, 49, 50, 51, 52, 53, 54, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, 68, 69, 70, 72, 74, 78, 82, 83, 84, 86, 89, 90, 91, 93, 96, 97, 98, 99, 103, 104, 112, 113, 114, 115, 117, 118, and 121.**

Highland Park neither denies nor objects to these 66 statements of fact. Instead, it improperly provides argument and characterizations of evidence which are, for the most part, evasive, not responsive, and self-serving. In essence, Highland Park improperly argues its case in its Rule 56.1 response instead of properly responding. This tactic is improper, and each statement of fact to which a denial has not been provided should be deemed admitted.

For example, **Statement of Fact 121** asked Highland Park to respond to a fact taken from a study on which its own witnesses have relied – that is, from January 1992 to May 1996 just 3 out of 276 police killings in the United States were committed with an AR-type rifle.[1] Highland Park responded:

> Highland Park submits that assault weapons are used to murder police officers. Plaintiffs' data confirmed that this has happened.

(Def.'s Resp. at p. 39, ¶ 121.)

Another of many examples of Highland Park failing to deny a statement of fact but instead arguing its case, is its response to **Statement of Fact 32**. There, Plaintiffs stated a fact to which Highland Park's own witness has agreed – "AR-type rifles are accurate, reliable and easy to reload".[2] Highland Park does not deny the statement, and its "response" is non-responsive and improper:

> Assault weapons, such as the AR-type rifles as defined in the Highland Park Ordinance, are not designed for self-defense, but instead are designed for combat situations which include rapid fire, the possibility of multiple targets, and a need for increased magazine capacity.

---

[1]  *See* SMF Exhibit 10 at ¶ 39.
[2]  Doc. 42-7, Depo. of James Yurgealitis at pp. 38-40.

3

(Def.'s Resp. at p. 10, ¶ 32.)

In response to **Statement of Fact 67** that Illinois hunting regulations make it legal to use "large capacity semi-automatic rifles" to hunt coyotes and, in other states, the rifles are used to hunt varmint and small game, Highland Park argues:

> Assault weapons are not appropriate for hunting. Hunting requires a weapon to be used to accurately kill an animal humanely, preferably with one shot.

(Def.'s Resp. at p. 24, ¶ 67.)

When asked to confirm that its own expert witness has hunted with an AR-rifle equipped with a 20 round magazine, Highland Park refused to admit **Statement of Fact 68** but instead argued:

> Mr. Jones, as a retired agent of the Bureau of Alcohol, Tobacco, Firearms & Explosives, would be exempt under Sec. 136.0006(B) of the Highland Park Assault Weapons Ordinance.

(*Id*. at pp. 24-25, ¶ 68.)

There are 62 other instances in which Highland Park violates Rule 56.1 and needlessly complicates the summary judgment process. Each statement of fact to which Highland Park has not filed and served a denial or well-founded objection should be deemed admitted.

> **B.** **Highland Park's Objections to Statements of Material Fact Nos. 1, 2, 21, 25, 28, 29, 30, 31, 34, 63, 64, 74, 77, 76, 81, 92, 97, 98, 101, 103, 104, 105, 107, 108, 109, 110, 112, 113, 115, and 119 Should Be Overruled and the Statements Deemed Admitted.**

Highland Park served objections to many of Plaintiffs' statements of fact along with its argumentative responses. Its objections should be overruled, and the Plaintiffs' statements of fact deemed admitted.

4

### (i) "Lack of Information" Is Not a Proper Response to A Rule 56.1 Statement of Fact.

Highland Park does not deny **Statements of Fact 1 and 2** (relating to standing). Instead, it claims a "lack[] of information to admit or deny". Lack of information is "an insufficient response to a Rule 56.1 statement of fact". *Morningware, Inc. v. Hearthware Home Products, Inc.*, 2012 U.S. Dist. LEXIS, * 9 (N.D. Ill. Aug. 12, 2012). Highland Park's criticism that Plaintiffs supported these statements with their Verified Complaint should be rejected. A properly verified complaint carries the same weight as an affidavit submitted in support of summary judgment. *Wilcox v. Allstate Corp.*, 2012 U.S. Dist. LEXIS 177929, * 16 (N.D. Ill. Dec. 17, 2012) (citation omitted).[3]

Highland Park does not deny **Statement of Fact 34**, claiming improperly to be "without knowledge" as to why AR-type rifles are popular and suited for different lawful uses, including target shooting, home defense and small and large game hunting. Statement of Fact 34 should be deemed admitted.[4]

Highland Park also improperly claims an inability to respond to **Statements of Fact 63 and 64** (relating to the purpose and findings of a Shooting Participation Report) based on a lack of information. Plaintiffs' statements should be deemed admitted for the additional reason that Highland Park's claimed lack of "information" is not supported by the record. The purpose and

---

[3] This case was removed from Illinois state court, where Plaintiffs' Verified Complaint was filed. The complaint was properly verified in accordance with 735 ILCS 5/1-109, which provides that untrue and incorrect statements are punishable as a Class 3 felony.

[4] Highland Park also claims, without any explanation, that expert David Lombardo is not qualified to describe the design characteristics of AR-type rifles and why those characteristics make the rifles a popular choice for a variety of lawful uses. Lombardo is unquestionably qualified to address this subject. *See* Section II.B(v), below.

findings of the Shooting Participation Report are part of the record at Plaintiffs' Exhibit 6 at ¶ 9, which references and incorporates relevant excerpts from the report at Exhibit F. (Doc. 42-6).

### (ii) An Objection that a Rule 56.1 Statement of Fact Is "Irrelevant" Is Not a Proper Response.

Highland Park objects to **Statements of Fact 21, 101, 106, 111 and 115** as irrelevant. This objection is improper and these statements should be deemed admitted. *See Ammons*, 368 F.3d at 818 (district court did not abuse its discretion in striking responses to Rule 56.1 statements to which relevancy objections raised without indicating agreement or denial of the facts stated).

In any event, Highland Park's objections are meritless. The source for **Statement of Fact 21**, is the 1989 Report and Recommendation of the ATF regarding the importability of certain rifles, which were later characterized in 1994 as "assault weapons" in the now expired federal assault weapons ban. A statement in the ATF report is consistent with Plaintiffs' position in this case: it is a misnomer to characterize semi-automatic rifles as "assault weapons" because true assault rifles can fire in the fully automatic mode. Highland Park's objection that the U.S. government's statement is irrelevant simply because it was made in 1989 makes no sense.

In response to **Statement of Fact 101**, Highland Park claims it is irrelevant that criminals do not use "assault weapons" to commit their crimes, even when they own one. (Def.'s Resp. at pp. 32-33, ¶ 101.) However, should the Court engage in interest balancing (which it should not),[5] the issue will be whether banning possession of a class of constitutionally-protected firearms in Highland Park that (a) criminals very rarely use, (b) are readily available nearby to Highland

---

[5] Highland Park's ban on possession of a class of commonly owned firearms precludes any balancing of the Second Amendment right with Highland Park's claimed interest in banning the firearms. "In *Heller*…we expressly rejected the argument that the scope of the Second Amendment right should be determined by judicial interest balancing". *McDonald v. City of Chicago*, 130 S.Ct. 3020, 3047 (2010).

Park and (c) are easily substituted with other similar firearms, will have any impact on public safety. Plaintiffs' position is that such a ban will have no impact on firearms-related crime, as empirical analyses of the expired federal assault weapons and state-level bans have demonstrated. Accordingly, Criminals' preference for types of firearms would be undeniably relevant to the Court's analysis.

**Statement of Fact 111** should also be deemed admitted. Highland Park neither admits nor denies the statement that "mass shootings … account for few of the murders that occur annually in the United States". (Def.'s Resp. at p. 35, ¶ 111.) Instead, it objects to the statement as irrelevant. However, Highland Park's stated reason for the Ordinance is to protect against the occurrence of a hypothetical mass shooting. Again, should the Court engage in interest balancing, any fact tending to show that mass shootings are rare and the likelihood of such a shooting occurring in Highland Park is speculative and remote will be relevant. Regardless, Highland Park has not responded to Statement of Fact 111 and it should be deemed admitted.

Plaintiffs contend, in part, that Highland Park's localized firearms ban will have no impact on firearms-related crimes because (1) banned firearms are legally owned and readily available in nearby communities throughout Lake County and (2) non-banned firearms that are identical in function are easily substituted for banned firearms. The effectiveness of local bans has been the subject of research, which found that state-level firearm bans have been ineffective because of the influx of legal firearms from other states. (*See* SMF Exhibit 10 at ¶ 19.) In **Statement of Fact 105**, Plaintiffs presented facts from the 2010 U.S. Census showing that 91.2% of the persons residing in Lake County can legally own the firearms banned by Highland Park, and that the firearms are banned in just 1.6% of Lake County's geographical area. The evidence submitted in support of Statement of Fact 105 tends to show that Highland Park's firearms ban

7

will not enhance public safety and that infringement of Plaintiffs' Second Amendment rights is not justified. The evidence is relevant and Statement of Fact 105 should be deemed admitted.

One of Plaintiffs' experts, noted criminologist Gary Kleck, has analyzed the factual circumstances surrounding 81 mass shootings that occurred in the United States between 1994 and 2013 (defined as incidents in which more than six persons were shot). (*See* SMF Exhibit 10 at ¶¶ 8, 31-37.) Based on his analysis of these events, Kleck concluded that mass shooters have not needed "large capacity magazines" to fire large numbers of rounds because they either possessed multiple firearms, multiple ammunition magazines or were able commit their crimes without interference. Kleck's expert opinion is submitted in **Statement of Fact 115**. Highland Park's relevancy objection is without merit because prevention of a mass shooting in Highland Park is central to its public safety justification for the Ordinance. Evidence demonstrating that the presence of "large capacity magazines" at mass shootings was not causally connected to the outcome of mass shootings because of other factors identified by Kleck is highly relevant. Because "large capacity magazines" are immaterial to occurrence or outcome of mass shootings, it is illogical to conclude that prohibiting law abiding Highland Park residents from possessing them in their homes (and violating their Second Amendment rights) will impact public safety.

> **(iii)** **An Assertion that Documents Referenced as Support for a Rule 56.1 Statement of Fact "Speak for Themselves" Is Not a Proper Response.**

In response to **Statements of Fact 97, 98, 103, 104, 112 and 113**, Highland Park refuses to properly respond to factual matters set forth in scholarly studies that in two instances both parties have submitted, and in another instance was prepared by Plaintiffs' expert witness, Gary Kleck. In lieu of denying these statements, Highland Park objects, asserting that the studies or reports "speak for themselves". This objection is improper. *See Wilcox*, 2012 U.S. Dist. LEXIS

177929 at * 17-18 (Rule 56.1 response that "agreement speaks for itself" is not a proper denial and statement of fact deemed admitted).

Moreover, Highland Park mistakenly interprets **Statements of Fact 97 and 98** to refer to "a report by Christopher J. Koper discussing 38 separate studies of gun violence". (Def.'s Resp. at p. 31.) Although the source for Statements of Fact 97 and 98 discusses Koper's reference to the compilation of the studies (Doc. 42-13, SMF Exhibit 10 at ¶ 38), the actual compilation, analysis and interpretation of the 38 studies was performed by Gary Kleck and published in 1997 in his book, *Targeting Guns*.[6]

As Highland Park acknowledges, the source for **Statements of Fact 103 and 104** is a report it has submitted as evidence. (Def.'s Resp. at pp. 33-34, ¶¶ 103-04.) Highland Park's reluctance to properly respond to facts derived from its own evidence is, at best, perplexing.

Similarly, the source for **Statements of Fact 112 and 113**, a 2014 article published in by criminologist James Alan Fox in *Homicide Studies*, was submitted by Highland Park as evidence. (Doc. 45-13, SOF Exhibit M). The article was also submitted by Plaintiffs. (Doc. 42-17, SMF Exhibit 14.) Facts derived from these studies, reports and articles should be deemed admitted.

        **(iv)    An Assertion that a Rule 56.1 Statement of Fact Is Based on "Flawed Methodology and Unreliable Survey Data" Is Not a Proper Response.**

Highland Park does not deny **Statements of Fact 25, 28, 29, 30, 31, 48, 49, 50, 51, 52, 53 and 54**. Rather, it contends that the sources for those facts are unreliable survey data. Highland Park's argumentative criticisms of the survey data do not belong in a Rule 56.1 response, and because Highland Park did not otherwise deny these statements they should be

---

[6]     Relevant pages from *Targeting Guns* have been filed as Doc. 49-7.

deemed admitted.

Even if it were proper to provide argumentative disagreement in a Rule 56.1 response, Highland Park's argument misses the mark. The source for **Statements of Fact 25, 28, 29 and 30** is not survey evidence at all but estimates derived from ATF Annual Firearms Manufacturing and Export Reports (available at www.aft.gov) and trade association knowledge of the manufacturers who produced AR-type rifles during the relevant years. (*See* Doc. 42-6, SMF Exhibit 6 at ¶¶ 4-5 and Exhibit B & C.) And despite Highland Park's reference to the Declaration of its expert, Gretchen Cusik, as support for its argument that the estimates are unreliable, Cusick did not criticize the estimates provided in these statements of fact. (*See* Doc. 45-5, SOF Exhibit E, ¶ 12.) Under Local Rule 56.1, it is improper for a party to misstate the cited record. *Nat'l Inspection Repairs v. George S. May Int'l Co.*, 2008 U.S. Dist. LEXIS 73066, *5 (N.D. Ill. Sept. 24, 2008) (improper to "misstate the evidence" in response to statement of fact).

Highland Park's objections to **Statements of Fact 31**, **48, 49, 50, 51, 52, 53 and 54** also fall short because each of these statements merely present the results of the three surveys relied on by Plaintiffs. Based on the record, Highland Park had the ability to deny the descriptions of the survey results if they were not accurately stated. However, its criticism of the manner in which the surveys were conducted are inappropriate in a Rule 56.1 response. Regardless, any criticisms go to the weight to be afforded the survey evidence, not its admissibility. (*See* Pls.' Mem. In Resp. to Def.'s Mot for Summary Judgment, Doc. 52 at p. 6.) [7]

---

[7] Highland Park's representation that Plaintiffs' expert Gary Kleck testified at pages 90 through 92 of his deposition that "internet survey[s] of this nature are unreliable" is incorrect. More accurately, Kleck described the way in which an internet survey should be conducted to capture a representative sample of the population under study. However, Kleck was not asked to and did not characterize the evidence gathered by the NSSF as unreliable.

### (v) An Assertion that a Rule 56.1 Statement of Fact Is a "Conclusion … to which No Response is Required" Is Not a Proper Response.

Highland Park does not deny **Statements of Fact 76, 81, 105, 107, 108 and 109** but instead states that they are "conclusory" or "conclusions based on speculation" to which "a response is required". Again, Highland Park ignores its obligation under Rule 56.1. Moreover, Highland Park mischaracterizes these statements as the type of conclusions that should not be included in a Rule 56.1 statement of material facts.

Legal conclusions are inappropriate. *Wilcox*, 2012 U.S. Dist. LEXIS 177929 at * 12. Legal conclusions are those that will determine the outcome of the case. *See, e.g.*, *Connell v. KLN Steel Products, Ltd.*, 2009 U.S. Dist. LEXIS 20576, * 25-26 (N.D. Ill. Mar. 16, 2009) (expert testimony on applicability of contract provision excluded); *Good Shepherd Manor Foundation v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) (testimony as to whether city's actions violated the law excluded). However, factual conclusions supported by evidence and offered by qualified experts based on their "scientific, technical or other specialized knowledge" are appropriate and admissible on motions for summary judgment. Fed. R. Evid. 702; *see Vollmert v. Wis. DOT*, 197 F.3d 293, 298-300 (7th Cir. 1999).

The source for **Statement of Fact 76** is the Affidavit of David Lombardo, an Illinois Certified Firearms Instructor, an NRA Law Enforcement Instructor and an NRA Training Counselor on all types of firearms, home firearms safety and personal protection. (Doc. 42-3, SMF Exhibit 3 at ¶ 2.) Lombardo's resume more fully describes his qualifications, including extensive firearms training as a Will County Auxiliary Deputy for nearly 20 years. (SMF Exhibit 3 at Exhibit A.) Lombardo is qualified to testify to the unremarkable proposition that a rifle that is 32 inches long is practically speaking no more "concealable" by a criminal than a rifle that is 35 inches long.

The source for **Statement of Fact 81** includes the Affidavit of James W. Supica, the Director of the National Firearms Museum in Virginia and the NRA National Sporting Arms Museum in Missouri. (Doc. 42-2, SMF Exhibit 2 at ¶ 1.) He has authored or co-authored numerous books related to firearms and is a long time contributing editor to *American Rifleman* magazine and the *Standard Catalogue of Firearms*. Supica's resume more fully details his qualifications. (SMF Exhibit 2 at Exhibit A.) Supica is qualified to testify on the handling characteristics of an AR-type rifle.

The source for **Statements of Fact 105, 107, 108 and 109** is the Affidavit of Gary Kleck, Professor of Criminology and Criminal Justice at Florida State University. For more than 30 years, Kleck's research has focused on the impact of firearms and gun control laws on violence. He has published numerous books on the subject, including *Point Blank: Guns and Violence in America*, *Targeting Guns*, *The Great American Gun Debate* and *Armed.* In addition, Kleck has published countless articles in peer reviewed journals addressing firearms, crime and the effectiveness of gun laws, among other subjects, and he has testified before Congress and state legislatures on gun control issues. Kleck's resume more fully details his extensive qualifications. (Doc. 42-13, SMF Exhibit 10 at Exhibit A.) He is well-qualified to assess the likely impact that the Highland Park Ordinance will have on firearms related crimes. In fact, he is the only witness qualified to do so.

### (vi) An Objection that a Rule 56.1 Statement of Fact Is "Vague" Is Not a Proper Response.

Highland Park does not deny **Statements of Fact 74, 77, 92 and 101**, but instead claims they are vague. Highland Park's objections are meritless. Any statement of fact with more than one meaning should be denied with a record citation supporting the denial. An objection without a denial is an improper response. Each of these statements should be deemed admitted.

**Statement of Fact 74** is not vague because of the phrase "typical difference". If Highland Park does not agree that the typical difference in length of an AR-type rifle with its telescoping stock extended and the stock collapsed is just a few inches, it should have denied the statement with a supporting record citation.

**Statement of Fact 77** is not vague because of the phrase "widely used". If Highland Park contends that thumbhole stocks are not widely used by Olympic and other slow target precision shooters, it should have denied the statement with a supporting record citation.

**Statement of Fact 92** is not vague because of the phrase "overwhelmingly prefer". If Highland Park has evidence that criminals do not overwhelmingly prefer and use concealable handguns in commission of crimes, it should have denied the statement with a supporting record citation. However, it would have been challenged to do so because its own expert witness, Mark Jones, admitted this statement. (Doc. 42-4, SMF Exhibit 4 at p. 162, "**Q.** You agree that criminals by an overwhelming majority prefer handguns, is that correct? **A.** Yes.")

**Statement of Fact 101** is not vague because of the phrase "strongly disinclined". If Highland Park contends that criminals are not strongly disinclined to carry an "assault weapon" during their crimes, even when they own one, it should have denied the statement with a supporting record citation.

### III.  Highland Park Has Not Provided Record Citations in Support of Denials.

In denying **Statements of Fact 12 and 116**, Highland Park did not provide citations to the record justifying its denials. Each of these statements should be deemed admitted. *See Malec*, 191 F.R.D. at 584 ("[A] general denial is insufficient to rebut a movant's factual allegations; the non-movant must cite specific evidentiary materials justifying the denial.); *Kasak*, 563 F.Supp 2d at 867 (factual allegations not supported by record citations are nullities). Statements of Fact 12

and 116 should be deemed admitted in their entirety.

   **IV.**  **Highland Park Has Evasively Admitted or Denied Statements of Fact**.

Although Highland Park admits or denies **Statements of Fact 13, 14, 34, 36, 66 and 79**, its responses are evasive. *See Bordelon*, 233 F.3d at 528 (response must meet the substance of the facts asserted). For example, Highland Park was asked to respond to Statement of Fact 14 that semi-automatic rifles are typically sold with magazines holding 5, 10, 20 or 30 rounds, but it evasively responded that they are sold with "various magazine capacities". Statement of Fact 79 asked Highland Park to respond to the fact that AR-type rifles are designed on a straight line to reduce muzzle rise during recoil. Highland Park evasively admitted the rifles were designed to reduce recoil. These statements of fact should be deemed admitted.[8]

   **V.**  **Highland Park's Argument and Additional Facts Should Be Stricken from Response Nos. 11, 12, 13, 16, 17, 19, 20, 23, 24, 25, 26, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 48, 49, 50, 51, 52, 53, 54, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, 68, 69, 70, 72, 74, 80, 82, 83, 84, 86, 89, 90, 91, 93, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 117, 118, 119, 120 and 121.**

Highland Park improperly includes facts and argument in its Rule 56.1 response. *See Kasak*, 563 F.Supp. 2d at 867 (striking argumentative detail and affirmative facts in responses to Rule 56.1 statement). The facts and argument included by Highland Park in the above responses should be stricken. (Attached as <u>Exhibit A</u> is a copy of Highland Park's response to Plaintiffs' Statement of Material Facts with highlights in yellow of the argumentative and factual matter that should be stricken.)

---

[8]  Evasive responses to Local Rule 56.1 statements of fact underscore Highland Park's lack of regard for its evidentiary burdens in this case and undermines the summary judgment process. In this lawsuit, constitutional are rights at stake, and decisions on cross-motions for summary judgment may be the culmination of this case at the trial court level. Nevertheless, Highland Park has responded to many of Plaintiffs' statements of fact as if it were responding to written discovery. Local Rule 56.1 demands more.

Included among Highland Park's improper arguments is its unfounded contention in **Statements of Fact 37, 39 and 40** that Dr. Gary Roberts is not qualified to offer an opinion on safe and effective home defense firearms. Dr. Roberts is an expert in wound and terminal ballistics. He studied these subjects while on active military duty at the Army Wound Ballistics Laboratory at the Letterman Army Institute of Research. Since then, Dr. Roberts has performed military, law enforcement and privately funded wound ballistic testing and analysis, served on the Joint Service Wound Ballistic IPT and the Joint FBI-USMC munitions testing program. He currently serves in a law enforcement training role with a San Francisco area law enforcement agency. (Doc. 42-8, SMF Exhibit 8 at ¶ 1.) Dr. Roberts' qualifications are more fully set forth in his resume. (SMF Exhibit 8 at Exhibit A.) He is well-qualified to testify that AR-type rifles chambered for .223 ammunition are safe and effective firearms for home defense use from a wound and terminal ballistics perspective.

Also included among Highland Park's arguments is the false and unsupported assertion in response to **Statement of Fact 118** that counsel for Plaintiffs prepared a "table" documenting the occurrence of 30 mass shootings. (Def.'s Resp. at p. 38, ¶ 118.) In fact, the "table" is a spreadsheet created by Mayors Against Illegal Guns with the raw data it analyzed in its report on mass shootings—a report on which Highland Park relies (Doc. 45-7; *see also* Def.'s Resp. at p. 35 ¶ 110, p. 38 ¶ 117, referencing MAIG report). The spreadsheet and the raw data are available on the internet. (*See* Doc. 26 at p. 13; and Doc. 26-11, Exhibit 13.)

## **CONCLUSION**

For the above reasons, Plaintiffs request that the foregoing responses by Defendant to Plaintiffs' Rule 56.1 statement of material facts be stricken and those statements of fact be deemed admitted.

                                                                      Respectfully submitted,

                                                                      /s/ *James B. Vogts*
                                                                      James B. Vogts
                                                                      Andrew A. Lothson
                                                                       Brett M. Henne

                                                                      Swanson, Martin & Bell, LLP
                                                                      330 N. Wabash, Suite 3300
                                                                      Chicago, Illinois 60611
                                                                      (312) 222-8517
                                                                      jvogts@smbtrials.com
                                                                      bhenne@smbtrials.com
                                                                      alothson@smbtrials.com

                                                                      **Attorneys for Plaintiff**


## CERTIFICATE OF SERVICE

I, James B. Vogts, hereby certify that on the 7th day of August, 2014, I caused to be served a copy of the foregoing document on all counsel of record listed below, via the Court's ECF system and/or by U.S. Mail.

1.      Christopher B. Wilson
   Perkins & Coie LLP
   131 S. Dearborn Street
   Suite 1700
   Chicago, IL 60603
   (312) 324- 8400
   Email: cwilson@perkinscoie.com

2.      Christopher J. Murdoch
   Holland & Knight, LLP
   131 South Dearborn Street
   30th Floor
   Chicago, IL 60603
   (312) 263-3600
   Email: chris.murdoch@hklaw.com

3.      Hart M. Passman
   Holland and Knight, LLP
   131 South Dearborn

30th Floor
Chicago, IL 60603
(312) 578-6634
Email: hart.passman@hklaw.com

4. Steven M. Elrod
Holland & Knight, LLP
131 South Dearborn Street
30th Floor
Chicago, IL 60603
(312) 263-3600
Email: steven.elrod@hklaw.com

                                                */s/ James B. Vogts*
                                                  James B. Vogts